## WILL HAYES v. THE STATE.

*No. 1036. Decided May 27th, 1896.*

### 1. Recalling a Witness to Restate His Testimony—Practice.

Where, after argument has commenced, counsel disagree as to a matter testified to by a witness, it is not error for the court, of its own motion, to have the witness recalled to restate his testimony.

### 2. Burglary—Recent Possession and Reasonable Explanation—Charge.

See, set out in the opinion, a charge upon recent possession with reasonable explanation, which is held to be bungling, and upon the weight of evidence in that the

court, in effect, tells the jury, simply, not to consider such explanation against defendant, and, in effect, tells the jury that, if the State had shown the falsity of such explanation, to consider the same as evidence against defendant. For an approved form on this subject, see, Wheeler v. State, 34 Tex. Crim. Rep., 350.

### 3. Same—Evidence—Contemporaneous Crimes.

On a trial for burglary, testimony showing that other property was taken at the same time and place is admissible, notwithstanding such items of property are not alleged in the indictment.

### 4. Same—Charge—Defendant as a Witness.

On a trial for burglary, where evidence had been adduced as to the taking of other property than that named in the indictment, and the court, in effect, charged the jury not to look to such evidence, except in passing upon the credibility of the defendant, who had testified as a witness in his own behalf. Held: The charge takes the testimony away from the only legitimate purpose for which it could be considered, viz: Motive, intent, and as res gestæ, and limits its consideration to the question of the credibility of defendant as a witness; a purpose for which it was not legitimate testimony, and, such an instruction necessarily tended to impair his credibility as a witness.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

This appeal is from a conviction for burglary, the punishment being assessed at five years' imprisonment in the penitentiary.

A statement of the case, as made by the evidence, is unnecessary.

*Walter S. Lemmon,* for appellant, contended: That no witness could be recalled to restate his evidence, except at the instance of the jury under provisions of Art. 697, Code Crim. Proc., citing, Wilson v. State, 17 Tex. Crim. App., 525; Cook v. State, 27 Tex. Crim. App., 188; Reason v. State, 30 S. W. Rep., 780; Lawson v. State, 32 S. W. Rep., 893; Kirk v. State, 35 Tex. Crim. Rep., 224.

As to the charge upon recent possession and reasonable explanation he cited, Payne v. State, 21 Tex. Crim. App., 184; Wheeler v. State, 34 Tex. Crim. Rep., 350.

For error in the charge as to contemporaneous thefts he cited Wilson v. State, 34 S. W. Rep., 284.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record].

HENDERSON, JUDGE.—Appellant was convicted of burglary, and given five years in the penitentiary, and appeals. There is nothing in the contention of appellant as to the introduction of the witness, Roberts, pending the argument of the case before the jury. A dispute or difference arose between the counsel for the State and the defendant as to what said Roberts testified as to the property he procured from the defendant. The State's counsel insisted that in the enumeration of the articles procured the witness named, among other things, a metal stamp case; and the defendant's counsel insisted that he did not. The court remarked that he differed with the defendant's counsel, and of his own motion called the witness back on the stand, to state what he had testi-

fied in the matter.   Appellant objected to the remark of the court, and objected to placing the witness back on the stand to settle the dispute, neither counsel having suggested it to the court.   This action was all had before the close of the argument, and it is competent to introduce even other testimony, in the discretion of the court.   We can see no harm to accrue to a defendant, where a difference of opinion exists as to what a witness may have testified to, to place a witness back on the stand before the close of the argument of the case, and have him state what his testimony was.   On such occasions, however, the court should avoid expressing an opinion as to what the witness may have previously testified, and leave the witness free to reiterate his testimony untrammeled.   The charge of the court on recent possession is not such a charge on that subject as has been approved by this court as a proper charge to be given when the evidence requires it.   See, Wheeler v. State, 34 Tex. Crim. Rep., 350.   The charge complained of is as follows:   "When a person found in possession of personal property recently stolen, makes an explanation of such possession which is natural and reasonable and probably true, then such fact of possession cannot be used against such person for any purpose unless the State shows such explanation to be false.   And in this case, if you believe from the evidence that defendant was found in the possession of any of the property charged to have been stolen in this case, recently after such property is charged to have been stolen, and made an explanation of such possession that was natural and reasonable and probably true, then such fact of possession of the property will not be considered by you against him, unless such explanation has been shown by the State to be false.   But this the State may do by circumstances as well as positive evidence."   This is a bungling charge on the weight of the evidence.   Instead of the court telling the jury, if the defendant's explanation of his possession was reasonable and probably true, and accounted for his possession in a manner consistent with his innocence, then, unless the State had shown that the same was false, to consider the evidence in favor of the defendant, and acquit him, the court tells the jury simply not to consider it against him; and the effect of the charge is furthermore to tell the jury that, if the State had shown the falsity of such explanation, to consider the same as evidence against the defendant; thus clearly charging on the weight of the testimony.   Pollard v. State, 33 Tex. Crim. Rep., 197.   Besides the articles charged in the indictment to have been taken at the time the burglary is alleged to have been committed, it was also proved that a Trilby heart and a metal stamp case were taken, and these articles were traced to the possession of the defendant.   In this connection the court charged the jury as follows:   "In considering this case, you will not look to any evidence (if any) of any other cases of theft of any other property, except that which is charged in this case to have been stolen; but you may look to any other property   *   *   *   in passing upon the credibility of the defendant as a witness; but before you can convict defendant, you must

believe beyond a reasonable doubt that the defendant was in illegal possession of such other property, and guilty of the theft thereof, and unless you so find from the evidence, then you will not look to the possession of such other property for any other purpose." The testimony in regard to the contemporaneous theft of other property at the time of the alleged burglary was admissible in evidence, notwithstanding the items were not alleged in the indictment as a part of the res gestæ of the transaction, to aid in developing the res gestæ, and as evidence to establish the intent of the party in committing the offense charged. What possessed the learned judge to take this testimony away from its legitimate purpose, and apply it to another, we are unable to see. The court told the jury that they could not regard said testimony for the only purpose for which it could be considered by them, but that they might use it for the purpose of passing upon the credibility of the appellant as a witness. This was not legitimate testimony for any such purpose. The defendant was a witness in the case, and testified to material facts on his behalf; and for the jury to be told by the court that they could consider certain testimony to discredit him, not authorized by law to be considered, was to impair his credibility before the jury. We are unable to tell what effect it may have had upon the jury, but the fact that they may have considered this testimony, improperly applied under the charge of the court, is enough to reverse this case. It has been suggested that possibly the charge of the court may have had reference to some other offense charged against the appellant, and not at all involved in the burglary charged. We have examined the record carefully, and find no evidence of such other offense. We find in the testimony of the appellant, in his cross-examination, answers which indicate that probably he was asked by the State about other crimes. He testified: "I never burglarized Best or Robinson's house. I never was in any trouble before." This was not evidence of any other offenses that would authorize or justify the court in charging thereon. It was an express denial of any other charge, and for the court then to assume that such other offenses were in evidence, and to charge thereon, telling the jury that they might consider the same in passing upon the credibility of the appellant, was to injure him as a witness before the jury. See, Wilson v. State (Tex. Crim. App.), 34 S. W. Rep., 284. For the error of the court above discussed, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*