STATE, Respondent, v. RIEF, Appellant.

(221 N. W. 53.)

(File No. 6280.   Opinion filed September 22, 1928.)

*H. F. Fellows* and *Buell, Denu & Philip*, all of Rapid City, for Appellant.

*Buell F. Jones,* of Britton, for the State.

BURCH, P. J.   Defendant was tried and convicted on a criminal charge of possession of intoxicating liquors in a public place.  From the judgment, and an order overruling a motion for new trial, defendant appeals.

There are no assignments of error that merit discussion, other than those pertaining to alleged misconduct of the trial judge. After the evidence was in, and both sides had rested, but before argument and the giving of instructions to the jury, the trial judge on his own motion reopened the case and recalled one Webber, a witness for the state, and personally conducted his examination. Webber on his first appearance was an unwilling witness, and the judge appears to have been of the opinion that he did not testify as fully as he could and should have done. Apparently the trial judge, believing that he had not disclosed all that he knew about the case, determined to get at the facts. The conduct of the judge in opening the case and in re-examining said witness forms the basis of appellant's complaint. However, the record does not show any objection to a reopening of the case or to the examination by the judge. The complaint is as to the manner of conducting the examination.

The examination by the judge was interrupted by numerous objections, and complaint is made that the judge did not always rule on the objections as made. In two or three instances the record does not show a ruling, but in those instances the judge did not press the question, but asked another, without answer to the first. This was in effect a withdrawal of the preceding question, making a ruling unnecessary.

Turning to the record set out in detail in appellant's brief, we find the thirteenth question was objected to and sustained. The eighteenth was, "You saw him at the Ford coupe?" and this was objected to as leading, whereupon the question was changed to, "Where did you see him?" This was objected to as leading, an attempt to impeach the witness, unfair examination, and unfair to the witness. This objection does not appear to have received a ruling. Such an objection to that question would hardly seem to merit a ruling. Five questions followed, one of which was objected to and promptly ruled upon. Witness was then cross-examined by appellant's counsel. On redirect examination by the judge, no objection appears which was not ruled upon. There is no justification for complaint that the judge did not rule upon objections as made.

A remark made by the judge preceding his ruling on an objection is claimed to have been prejudicial. It came up in this

way: A question was asked, and counsel said, "Same objection." Witness ignored the objection, and answered. Counsel moved to strike the answer, and asked a ruling on his objection, whereupon the judge said: "I beg your pardon in not observing your objection, Mr. Fellows; but I expect to get the truth in this case, if it is humanly possible to get it." Counsel do not complain of the humility with which the sentence was started, but of the inordinate egotism with which it was finished. They liken the judge to Sir Galahad, "who would search through the mazes of the testimony and lay at the feet of the jury the shining truth." Here, if we were suspicious, we might suspect that the fear of the truth was more agitating than the egotism of the judge. We cannot say as a matter of law that the judge may not elicit the truth from a witness in a criminal case, however damaging it may be to the defendant. While, of course, it might be done without previous notice, we do not see how the defendant is likely to be prejudiced by being advised that it is coming. It is apparent the court had an unwilling witness under examination, and why he was unwilling appears in the language of the witness: "I didn't want to get nobody into trouble, and didn't want to get myself into trouble." Being questioned, on cross-examination by appellant's counsel, as to what he meant by that, he said:

"Well, I didn't want to get in trouble with those fellows..

"Q. You said you didn't want to get yourself in trouble; tell the jury what you mean by that statement. A. Well, for the simple reason, if I testify against those fellows, they will try to clean my clock."

Appellant strongly urges that it was misconduct and prejudicial for the judge to call and conduct the examination of Webber under the circumstances, and cites a number of authorities wherein it has been held improper for the trial judge to conduct the examination of witnesses. While no doubt under many, if not most, conditions during the progress of a trial, the judge ought to refrain from conducting the examination of witnesses, it is not improper under all conditions. Its propriety must depend upon the circumstances of each case. And the trial judge has a large discretion in the matter. We cite numerous authorities covering the right of the judge to call witnesses and examine them, to examine and cross-examine witnesses called by the parties, and to elicit evi-

dence on his own motion, namely: O'Connor v. National Ice Co., 56 N. Y. Super. Ct. 410, 4 N. Y. S. 537; State v. Lee, 80 N. C. 483; Lafferty v. State (Tex. Crim. App.) 35 S. W. 374; Hayes v. State, 36 Tex. Cr. R. 146, 35 S. W. 983; Primrose v. Browning, 59 Ga. 69; Willetts v. Schuyler, 3 Ind. App. 118, 29 N. E. 273; Selph v. State, 22 Fla. 537; Keith v. Wells, 14 Colo. 321, 23 P. 991; Bauer v. Beall, 14 Colo. 383, 23 P. 345; Long v. State, 95 Ind. 481; Bartlett v. Falk, 110 Iowa, 346, 81 N. W. 602; Cobb v. State (Miss.) 23 So. 1015; Fager v. State, 22 Neb. 332, 35 N. W. 195; Chalk v. State, 35 Tex. Cr. R. 116, 32 S. W. 534; Lefever v. Johnson, 79 Ind. 554; Riegler v. Tribune Ass'n, 41 App. Div. 490, 58 N. Y. S. 807; De Ford v. Painter, 3 Okl. 80, 41 P. 96, 30 L. R. A. 722; Bowden v. Achor, 95 Ga. 243, 22 S. E. 254; State v. Stephens, 70 Mo. App. 554; State v. Pagels, 92 Mo. 300, 4 S. W. 931; Hill v. State, 5 Lea (Tenn.) 725; Wilson v. Ohio Riv. & C. R. Co., 52 S. C. 537, 30 S. E. 406; Varnedoe v. State, 75 Ga. 181, 58 Am. Rep. 465; Lockhart v. State, 92 Ind. 452; State v. Spiers, 103 Iowa, 711, 73 N. W. 343; State v. Lockett, 168 Mo. 480, 68 S. W. 563.

The trial judge allowed full opportunity for cross-examination, his examination appears to have had for its object only the eliciting of truth, without partisanship, and, as no bias or unfairness was exhibited, we cannot say his conduct was improper.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, an CAMPBELL, JJ., concur.

BROWN, J., dissents.