STATE, Respondent, v. KARLEN, Appellant.

(231 N. W. 915.)

(File No. 6800.   Opinion filed August 12, 1930.)

T. H. *Luby,* of Huron, for Appellant.

M. Q. *Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for respondent.

BROWN, P. J. ■■■ Defendant appeals from a judgment on conviction of the offense of manufacturing intoxicating liquors and from an order denying a new trial. He assigns as error the denial of his challenge to the jury panel. The panel was drawn from a list of two hundred names furnished by the county auditor to the clerk of courts, as provided in Rev. Code 1919, § 5290. It is not clear from the record whether this list of two hundred was made up by the county commissioners selecting and furnishing

sufficient names to make up the two hundred after the preceding term of court, or whether an entire new list of two hundred names was drawn by the commissioners. Presumptively the former of these methods was adopted, and the burden is on defendant to show the contrary if it exists, and this he has not done. Further, section 5290 provides:

"Any irregularity in the acts of the assessors in furnishing the list of persons subject to jury duty, or of the county commissioners in drawing, selecting or furnishing the names of jurors to the clerk of courts, shall not invalidate the list so furnished."

The section further provides that, upon discovery by the court, or judge thereof, that any person whose name appears on the list of two hundred is a nonresident or disqualified, the judge may order such name to be stricken from the list. Appellant contends that in selecting the list of two hundred names the county commissioners found some of the persons named on the list had either died or removed from the county, and that these names were stricken from the list by the commissioners and not by order of the court. This contention is not supported by the record. All that the record shows on the subject is that the commissioners found some persons whose names were on the list had "either moved away or died." It is not shown whether these names were stricken from the list at all or not. But in any event the provision of the statute that any irregularity on the part of the county commissioners in selecting and furnishing the list of names to the clerk of court shall not invalidate the list renders any objection on this ground untenable.

■■ It is further contended that in drawing the jury panel from the names on this list the slips on which the names were written were not folded before being placed in the receptacle from which they were drawn. It appears, however, that the manner of drawing was such that the names could not be seen by the person drawing the tickets from the receptacle, and therefore the only object in folding the tickets, namely, that the names thereon could not be seen, was achieved. The further complaint is made that the jurors on the panel were not summoned fifteen days before the commencement of the term of court as provided by Rev. Code 1919, § 5295. The fifteen days' notice is for the convenience of the juror and is not any right to which the defendant is entitled.

If the jurors appear for duty in response to any notice, however, brief, defendant has no ground for complaint. State v. Hanson, 53 S. D. 205, 220 N. W. 518.

■ Defendant complains of an instruction to the effect that neither court nor jury were concerned with the wisdom or propriety of the Legislature in enacting the law under which defendant was prosecuted, that it was their duty to enforce the law as written, and that by enforcement of law was meant not only the conviction of the guilty, but the exoneration and justification of the innocent who may be charged with the violation of the law. There was nothing erroneous in this statement of the duty of court and jury, and we are unable to see that it would in any degree tend to make any juror feel that it was his duty to find the defendant guilty unless there was sufficient evidence of his guilt to satisy the jury.

■ It is finally contended that the evidence is insufficient to justify the verdict. It is shown that defendant's wife owned a farm in the neighborhood of Howard, S. D.; that defendant was her agent in looking after the farm, which was occupied by a tenant; that officers with a search warrant went to the farm on September 24, 1927, and in a hog-house on the farm found a still for the manufacture of intoxicating liquor, which at the time was in active operation, with liquor still running from the coil, also a large quantity of moonshine liquor, seventeen barrels of mash, and numerous utensils ordinarily used in the manufacture of intoxicating liquors; that defendant was a few feet from the door of the hoghouse when the officers arrived; that, when one of them asked how to shut off the heat, defendant or some one in his hearing said it was already shut off. One who farmed adjoining land testified that he was plowing a short distance from Karlen's buildings and saw defendant around the buildings practically every day for a week or ten days before September 24th. Defendant denied having anything to do with the manufacture of the liquor, and denied any knowledge of the existence of the still until he arrived at the buildings a short time before the officers on the day of the raid. On this record we cannot say that the evidence is insufficient to justify the verdict.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.