STATE, Respondent, v. SHEA, Appellant.

(235 N. W. 648.)

(File No. 6847. Opinion filed March 16, 1931.)

*Lloyd E. Waggoner* and *Theodore R. Johnson,* both of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

MISER, C. ■ Appellant was jointly charged with one Hanley and one Driscoll with the robbery of a bank at Huron. He was granted a separate trial, and from the judgment on conviction, and from the order denying motion for new trial, he appeals. Opinion has this day been filed affirming the conviction of Hanley and Driscoll. State v. Hanley and Driscoll, 235 N. W.

516. As in that case, one of the errors assigned is the disallowance of a challenge to the panel. In this case, however, the irregularities complained of were in the selection by the county commissioners from the jury list filed with the county auditor by the assessors, the method of which is prescribed by section 5289, R. C. 1919. Section 5290 contains the following: "Provided, however, that any irregularity in the acts of the assessors in furnishing the list of persons subject to jury duty, or of the county commissioners in drawing, selecting or furnishing the names of jurors to the clerk of courts, shall not invalidate the list so furnished to such clerk of courts." This same question was passed upon in State v. Karlen (S. D.) 231 N. W. 915. Even if the language above quoted from section 5290 is not decisive of the matter, yet the burden was on appellant to prove the irregularities of which he complains. It is doubtful whether he has done so, and he has certainly shown no prejudice therefrom. State v. Smith (S. D.) 232 N. W. 26.

Appellant assigns as error four instances of alleged misconduct of the state's attorney. In the first instance counsel for defendant as well as the state's attorney, participated in verbal sorties across the counsel table, and appellant did not request the trial court for an admonition. In the third instance there was neither objection nor exception, no request for admonition, nor prejudice shown. In the fourth instance, the court should have, on its own motion, promptly and unmistakably put an end to the state's attorney's comments on the evidence while appellant's counsel was making an objection. But the court did sustain the objection, and Mr. Waggoner of appellant's counsel, not only did not ask the court to admonish the state's attorney, but manifested some willingness and ability at admonishing the state's attorney himself.

In considering the second instance of assigned misconduct, it should be borne in mind that the big question at the trial was the identification of the defendants as those who robbed the bank. Lois Gannaway had testified she was leaving the bank with her arms full of parcels just as appellant and another were about to enter. She hesitated at the door, expecting appellant to open it for her. When he did not do so she opened it and held it open while appellant and his companion entered. She noticed him particularly because he was not gentlemanly enough to open the door for her. She noticed him also because he was pretty good looking.

The cross-examination of the witness by Mr. Waggoner proceeded:

"Q. I didn't ask you that. I asked you if you did not testify before that the only reason you recognized Mr. Shea at that time was because he was no gentleman. A. I testified that I noticed him because he wasn't gentlemanly enough to open the door for me.

"Q. Yes, that's what I mean. And that was the only reason that you recognized him down in St. Paul, didn't you? A. That I testified that in St. Paul?

"Q. Yes. A. What was the question?

"By Mr. Howes: That is objected to, no foundation being laid as to time or place, where it was. Where she testified, who was present.

"By the Court: Well the form of that question is—

"By Mr. Waggoner: Well, if they want to take all this time we will make a record.

"By Mr. Howes: That last remark is objected to as misconduct of counsel.

"By the Court: Yes, the court considers that misconduct of counsel.

"By Mr. Howes: Move that it be stricken from the record.

"By the Court: It may be.

"By Mr. Kelley: We take an exception to the court's ruling.

"By the Court: The court takes exception to the remarks of the attorney.

"By Mr. Waggoner: We take exception to the remarks of the court.

"By the Court: All right, you may proceed."

Both Mr. Waggoner and Mr. Kelley were representing appellant at the trial. Mr. Howes was state's attorney. The ruling of the court in striking from the record Mr. Waggoner's remark, "Well, if they want to take all this time we will make a record," was certainly not prejudicial to appellant, nor is error assigned thereon. The remark of the trial court, "Yes, the court considers that misconduct of counsel," may or may not have been fully justified, depending upon the meaning and effect of Mr. Waggoner's remark last above quoted. Certainly it was not reversible. error.

The same instruction was requested and refused and the same instruction given under the maxim, "Falsus in uno, falsus in omni-

'bus," as was given in State v. Hanley and Driscoll, handed down herewith, and the ruling on that assignment is the same. The instruction on reasonable doubt also assigned as error in the Hanley-Driscoll Case and also considered, though not discussed therein, discloses no prejudicial error. Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, and WARREN, JJ., concur.

MISER, C., sitting in lieu of ROBERTS, J., disqualified.