STATE OF SOUTH DAKOTA, Respondent, v. ANDERSON, Appellant.

(244 N. W. 119.)

(File No. 7444. Opinion filed September 8, 1932.)

T. H. *Luby* and *George E. Longstaff,* both of Huron, for Appellant.

*M. Q. Sharpe,* Attorney General, *Fred R. Winans,* State's Attorney, of Highmore, and *Herman L. Bode,* Assistant Attorney General, for the State.

CAMPBELL, P. J. A preliminary information (section 4525, R. C. 1919) was presented to a magistrate, charging defendant with having committed the offense of *grand larceny.* Pursuant

thereto, a warrant was issued, the defendant arrested and brought before a magistrate, and a preliminary examination held, at which considerable testimony was taken. At the conclusion of said preliminary examination the committing magistrate made an order wherein he recited that it appeared to him that the offense of *receiving stolen property* had been committed, that there was sufficient cause to believe the defendant guilty thereof, and ordered that the defendant be held to answer the same. Pursuant to section 4582, R. C. 1919, the committing magistrate made return to the circuit court of Hyde county that he had held the defendant to answer in said court to the charge of receiving stolen property. Upon being so held to answer, bail was fixed and furnished by the defendant. At the next term of circuit court in Hyde county defendant appeared pursuant to his undertaking and was informed against by the state's attorney of Hyde county, not for the offense of receiving stolen property, but for the offense of grand larceny. Before pleading to the information, defendant moved to quash and set aside the same upon the ground that he had not had a preliminary examination on the charge in question prior to the filing of the information, and had not been held to answer to a charge of grand larceny. Section 4762, R. C. 1919. The motion to quash was denied. A demurrer interposed by the defendant was overruled, and upon his plea of not guilty he went to trial, was convicted by a verdict of the jury, and sentenced to five years in the penitentiary, from which judgment and from a denial of his application for new trial defendant has now appealed.

Appellant urges that, not having been committed or held to answer in the circuit court upon a charge of grand larceny by the magistrate, no information upon that charge could lawfully be filed against him in the circuit court. The state maintains that, inasmuch as the preliminary complaint filed with the magistrate charged the offense of grand larceny, appellant did in fact have a preliminary examination on that offense and consequently may be informed against therefor regardless of the outcome of such preliminary examination. The state takes the broad position that the only prerequisite to the filing of an information is the holding or conducting of a preliminary examination, and that the outcome thereof is entirely immaterial, save only as it may have to do with the custody of the defendant in the interim between the examina-

tion and the filing of the information. The position of the state, if we understand it correctly, may be illustrated thus: If defendant has a preliminary examination on a charge of grand larceny and, as a result thereof, is held to answer in the circuit court to the charge of grand larceny, an information for grand larceny may be filed in the circuit court, and in the meantime defendant must rest in custody unless he furnishes bail. On the other hand, if at the end of the preliminary examination, the committing magistrate is of the opinion that there is no sufficient cause to believe the defendant guilty and orders him discharged, he may nevertheless; as a result of such preliminary examination, be informed against for grand larceny at the next term of the circuit court; the only difference being that in the interim he cannot be held in custody or required to furnish bail. And the state further contends that where, as here, the preliminary information is for grand larceny, and the holding to answer is not for grand larceny but for the distinct offense of receiving stolen property, the state's attorney may entirely disregard the holding to answer upon the offense of receiving stolen property and may file an information for grand larceny, the charge laid before the committing magistrate and upon which charge the preliminary examination was in a sense held in spite of the fact that defendant was not bound over or committed upon that charge.

The preliminary examination by a committing magistrate of a person accused of crime, as a result of which the accused should either be discharged or held to answer, has been known to our law ever since our First Territorial Code of Criminal Procedure, ch. 1, Laws Dakota 1868-69. In fact, the provisions of our law with reference to preliminary examination before a magistrate and the conduct and determination thereof have not changed appreciably since 1868. The purpose (or at least one of the purposes) of the preliminary examination and holding to answer is fundamentally the same as that which underlies the requirement of indictment by a grand jury before trial, which has been well stated by Mr. Justice Field (30 Fed. Cas. No. 18, 255, 2 Sawy. 667) to be intended "as a means of protecting the citizen against unfounded accusation, whether it come from government or be prompted by partisan passion or private enmity." It is of the spirit of our law that no man should be put to his defense upon a criminal charge or compelled

to proceed to trial until it has been determined that there is good and substantial reason for his accusation. . Part of the machinery adapted to accomplish that end is the requirement of a preliminary hearing before a committing magistrate and a determination by the magistrate that there is at least some probable or sufficient cause to believe the accused guilty of an offense. Under our first Code of Criminal Procedure, felonies could be prosecuted only upon indictment of a grand jury. Misdemeanors might be prosecuted upon information filed by the state's attorney, subject to the condition that even in misdemeanor cases the defendant might elect to have the matter submitted to a grand jury. But it was specifically provided (section 210, ch. 1, Laws 1868-69) that the grand jury might indict "where the defendant has been held by a magistrate to answer the charge, and in no other case," and (section 261, ch. 1, Laws 1868-69) that the information in a misdemeanor case might be filed "whenever upon any preliminary examination, the defendant shall be committed or recognized by any magistrate to appear at the next term of the district court to answer. * * *" By the Code of Criminal Procedure adopted by the Eleventh Session of the Territorial Legislature (chapter 35, Laws Dak. 1874-75), prosecution by information in misdemeanor cases (where defendant did not elect submission to a grand jury) was entirely done away with, and all prosecutions of felonies or misdemeanors except proceedings for the removal of civil officers, offenses arising in the militia, and offenses triable in justice and police court, were required to be prosecuted by indictment. The machinery for the filing of sworn complaint, arrest, examination by committing magistrate, and discharge or holding to answer was retained without substantial change, but provision was made that a grand jury might indict in cases where there had not previously been an arrest, examination, and commitment. The law continued thus without substantial change through the Revised Code of 1877 and the Compiled Laws of 1887 and until the legislative session of 1895, when the Legislature provided for the prosecution of all offenses upon information, and, in substance, did away with the grand jury, excepting when the drawing thereof was specifically directed by the judge upon petition of the state's attorney. Chapter 64, Laws S. Dak. 1895. Our law upon these points has continued without substantial change to the present time, and relevant portions thereof may be quoted as follows from the Revised Code of 1919:

"§ 4528. *Magistrate to Issue Warrant.* When a preliminary information, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense charged has been committed, and that there is a reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

"§ 4568. *Duty of Magistrate.* When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination before any further proceedings are had."

"§ 4579. *Defendant Discharged, When.* After hearing the evidence and the statement of the defendant, if he has made one, if it appears either that a public offense has not been committed, or that there is no sufficient cause to believe the defendant guilty thereof, the magistrate must order the defendant to be discharged, by an indorsement on the preliminary information over his signature to the following effect:

"There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged."

"§ 4581. *Defendant Held to Answer.* If, however, it appears from the examination that a public offense has been committed and that there is suffcient cause to believe the defendant guilty thereof, the magistrate must, in like manner, indorse on or attach to the preliminary information an order signed by him, to the following effect: "It appearing to me that the offense in the within information mentioned (or any other offense, according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same."

"§ 4582. *Return Upon Preliminary Examination.* Whenever any defendant is held to answer any offense, as provided in the preceding section, by any magistrate other than a judge of the county or municipal court, he shall be held to answer the same in the circuit court of the proper county, and in all cases the prelim-

inary information, with the indorsement thereon or attached thereto, the depositions or transcript of testimony, if any, the warrant, undertakings, if any, a certified statement of the proceedings and all papers connected therewith except the warrant of commitment, shall forthwith be returned and filed in the court in which the defendant is held to answer."

"§ 4594. *Return When Defendant Is Discharged*. When a magistrate has discharged a defendant without finding that the prosecution was malicious or without probable cause, he must forthwith return to the court in which the defendant might have been held to answer, the preliminary information, a certified statement of the proceedings, including his own fees, if any, and all officers' and witness fees incurred by both the state and the defendant, and all other papers connected with the proceeding."

"§ 4655. *Criminal Actions, How Commenced*. Criminal actions are commenced in the circuit court by the filing of an indictment, by the filing of an information *founded upon a preliminary examination*, or by the filing of a complaint in cases not requiring the intervention of a grand jury or a preliminary examination."

"§ 4700. *Information Defined*. The word 'information' as used in this title, unless a different intention clearly appears, shall be interpreted to mean a vertified statement in writing, charging one or more persons with the commission of a public offense requiring the intervention of a grand jury or a preliminary examination, filed by the states attorney or other person duly authorized to perform the duties of states attorney with respect thereto, in a court having jurisdiction to try and determine the offense specified therein."

"§ 4706. *States Attorney to Examine*. It shall be the duty of the states attorney of the proper county to inquire into and make full examination of all the facts and circumstances connected with any case of preliminary examination touching the commission of any offense whereon such offender shall be committed to jail or held to bail, and if the states attorney shall determine in any such case that an information ought not to be filed, he shall make, subscribe and file with the court a statement in writing containing his reasons for not filing an information in such case, and such statement shall be filed at and during the term of the court at which

the offender shall be held for appearance. The court must then examine such statement together with the evidence filed in the case and if upon such examination the court shall not be satisfied with said statement the states attorney shall be directed by the court to file the proper information and bring the case to trial."

"§ 4707. *No Information Until Preliminary Examination.* No information shall be filed against any person for any offense *until such person shall have had a preliminary examination thereof as provided by law* before a magistrate, unless such person shall waive such right; provided, however, that an information may be filed without such examination against a fugitive from justice, and any fugitive from justice against whom an information shall be filed may be demanded by the governor of this state of the executive authority of any other state, territory or of any foreign government in the same manner and the same proceedings may be had thereon as provided by law in like cases of demand upon indictments filed."

"§ 4740. *Defendant Desiring to Enter Plea of Guilty Without Delay.* In all cases where any person charged with the commission of a public offense has been regularly held to answer by a committing magistrate, and desires to enter his plea of guilty of such offense, it shall be lawful for the states attorney of the county in which such offense was committed to immediately file an information against the defendant, in the office of the clerk of any court of such county having jurisdiction of the offense, and it shall thereupon be the duty of the states attorney and sheriff of such county to produce such person before the judge of such court and to arraign him before such judge at chambers. Upon the production of such person before such judge and upon being arraigned, he may enter his plea of guilty of the offense charged."

"§ 4762. *Causes for Setting Aside.* The indictment or information must be set aside by the court in which defendant is arraigned, and upon his motion, in any of the following cases: * * *

"5. When the defendant has not had a preliminary examination before the information is filed, as provided by section 4707."

██ it is clear that the statute requires a preliminary examination before any information can be filed. It is equally clear, particularly in view of the history of our legislation, that one of

the principal objects of holding a preliminary examination is to assure that an accused shall not be put upon his trial until a magistrate has found, as a result of such preliminary examination, that there is sufficient cause to believe that a crime has been committed and that the accused has committed it, in which event, as a result of such preliminary examination, the accused is to be held to answer either for the offense specified in the preliminary information or for such other offense as it may appear from such examination that there is sufficient cause to believe he has committed. The Legislature might conceivably have authorized the filing of an information for a criminal offense without the holding of any preliminary examination. This they were apparently unwilling to do and certainly did not do. Under all the circumstances, it seems to us entirely anomalous to hold that the Legislature, while requiring a preliminary examination as a condition precedent to the filing of an information, nevertheless intended that the information might be filed if, as a result of such preliminary examination, the accused had been discharged by the committing magistrate. The purpose of a preliminary examination being to ascertain whether there is sufficient reason to believe that an offense has been committed by the defendant, it is most unreasonable to suppose that the Legislature, which was unwilling to permit a defendant to be informed against until said examination had been held, was nevertheless willing that he should be informed against if, as a result of such examination, the magistrate found no such sufficient cause existed. We may judicially notice that it has been the practice in this state since 1895 not to attempt to file informations unless the defendant had received a preliminary examination and as a result thereof had been held to answer by the committing magistrate for the offense upon which the information was subsequently filed. It is persuasive also that, although our law has been unchanged in this particular since 1895, this case is the first instance wherein it has ever been urged before this court that an information could be filed against a defendant who had not in fact been held to answer by a committing magistrate upon a preliminary examination or his waiver thereof. We are fully persuaded that when the Legislature provided by section 4707, R. C. 1919 (which originated as section 8, ch. 64, Laws S. Dak. 1895), that no information should be filed "against any person

for any offense until such person shall have had a preliminary examination thereof as provided by law before a magistrate, unless such person shall waive such right" (excepting in a case of a fugitive from justice), they meant and intended to say that no information should be filed unless there should have been a preliminary examination thereof, and as a result of such examination (or the waiver thereof) the defendant should have been committed or held to answer.

In support of its contentions on this appeal, the state urges the case of State v. Johnson, 34 S. D. 601, 149 N. W. 730, 732, wherein this court said: "But no mere irregularity in or omission to make such order can render the preliminary examination itself void. In this case, a written accusation was filed before the justice; the accused had his counsel present, and was accorded all his statutory rights, as shown by the transcript of the justice's docket. The state's witnesses were sworn and examined in his presence. The preliminary examination itself was regular and complete. The proceedings had afforded the accused every substantial advantage contemplated by the law, and his legal rights have not, in any degree, been prejudiced by the irregularities complained of. The statute does not make such irregularities a ground for quashing the information filed in the circuit court. The statute does not require that an order be made holding the accused to answer, before an information shall be filed, but only that a preliminary examination shall be made. Code Crim. Proc, § 211. The trial court did not err in denying the motion to quash the information." And also the case of State v. Smith, 47 S. D. 216, 197 N. W. 231, 232, wherein the court said: "As pointed out in State v. Johnson, 34 S. D. 601, 149 N. W. 730, the statute (now section 4707, Rev. Code 1919) does not require that an order be made holding the accused to answer before an information can be filed, but only that a preliminary examination shall be had. Also, as pointed out in said case, the statute (now section 4762, Rev. Code 1919) does not constitute irregularities in, or omission to make, the order required by section 4581, Rev. Code 1919, a ground for quashing the information. Hence it cannot be said that the failure of the committing magistrate to comply with said section 4581 affects the jurisdiction of the trial court after the information is filed. We do not need to consider what appel-

lant's rights might have been had he proceeded to test the validity of his commitment by habeas corpus before the filing of the information."

In both of those cases the situation was in fact that a preliminary examination had been held and that the committing magistrate at the end of the examination had intended, meant, and attempted to hold the defendant to answer, and in each case there was an entry in the docket of the justice that the defendant was held to answer. In the Johnson Case the docket entry after the examination on the preliminary complaint was: "Defendants held to await action in the circuit court in and for Spink county, South Dakota. Bail fixed in the sum of $200 each." In the Smith Case the docket entry was: "Defendant appeared, and hearing was had, and after hearing the evidence the court decided to hold the defendant to the next term of the circuit court. Bond was fixed at $2,000, which was furnished and accepted and defendant released." Neither in the Johnson Case nor in the Smith Case did the state contend that an information could have been filed if the committing magistrate had not in fact held the defendant to answer, or if the committing magistrate had discharged the defendant. The contention on the part of the state was that, inasmuch as the committing magistrate had in fact held the defendant to answer, an information subsequently filed would not be set aside merely because the magistrate had failed to indorse upon or attach to the preliminary information the formal order specified by section 4581, R. C. 1919. The state's argument in the brief in the Johnson Case on this point is as follows:

"With reference to assignments 31 and 32, it was sufficient to enter the order, holding appellants to answer, upon the docket, instead of endorsing same upon the information as mentioned in the statute. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Crook, 16 Utah, 212, 51 P. 1091; State v. Clark, [4] Idaho [7], 35 P, 710.

"An order holding a defendant to answer is in fact and in law made when it is entered upon the docket of the justice, and the failure to endorse such order upon the information, or complaint, in no manner deprives the order of its validity, or affects any substantial right of the defendant. People v. Wallace [94] Cal. [497], 29 P. 950; People v. Tarbox, [115] Cal. [57], 46 P. 896.

"The entries made by the justice in his docket are prima facie evidence of the facts so stated. Section 94, Justices' Code; State v. Wright, 15 S. D. 632 [91 N. W. 311]."

We think this court was entirely correct in these two decisions in holding, under the facts there appearing, that where, at the end of the preliminary examination, the committing magistrate did in fact bind the defendant over and hold him to answer, the defendant was not prejudiced nor the information subject to dismissal because of failure to file the formal order contemplated by section 4581. But certainly these decisions do not hold and should not be interpreted to hold that an information could be filed upon a charge with reference to which the committing magistrate refused to bind the defendant over or hold him to answer or with reference to which the committing magistrate discharged the defendant. The language used in the Smith and Johnson Cases must be limited to the situations there presented. The limitation of the rather broad language used to the actual facts of the case must also be made with reference to the opinion in State v. Sonneschein, 37 S. D. 139, 156 N. W. 906, 908, where this court said: "He could not move to quash the information where, in fact, a preliminary hearing had been held." In the Sonnenschein Case the preliminary information was for grand larceny and the defendant was bound over by the committing magistrate to answer to the charge of grand larceny and was informed against for grand larceny. The objection was not that there had been no preliminary examination and not that defendant had not been bound over and held to answer to the charge upon which he was informed against, but solely that the depositions and transcript of testimony on the preliminary examination had not been filed in the circuit court before the filing of the information as contemplated by section 4582, R. C. 1919, above quoted. The holding of the Sonnenschein Case was merely that the failure to make such return did not justify setting aside the information under what is now subdivision 5, § 4762, R. C. 1919, but the holding of that case and the language of the court therein must be econstrued in the light of facts there existing, that a preliminary examination had been held and that as a result thereof, the defendant had been bound over and held to answer by the committing magistrate upon the identical charge upon which he was subsequently informed against.

In the present case the preliminary information charged grand larceny. The committing magistrate refused to hold the defendant to answer to that charge, but did hold him to answer upon a charge of receiving stolen property and made due return accordingly. We are fully convinced that such preliminary examination and the action of the committing magistrate thereon were insufficient to justify the subsequent filing in the circuit court of the grand larceny information upon which defendant was tried, and the information should have been quashed upon defendant's motion, pursuant to subdivision 5, § 4762.

It should be noted that the state does not argue or contend that under the facts appearing in this case appellant could have been charged in Hyde county in a single information upon one count for grand larceny and upon a second count for receiving stolen property. We therefore expressly refrain from any attempt to determine whether or not any change has been made in the law relating to preliminary examination and holding to answer by the amendment of section 4720, R. C. 1919, by chapter 143, Laws 1927.

The judgment and order appealed from must be and they are reversed, and the cause remanded with directions to enter an order setting aside the information.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
POLLEY, J., absent and not participating.