Carol Ann JACKSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1734.

Supreme Court of Alaska.

April 24, 1973.

Herbert D. Soll, Public Defender, Anchorage, Olof K. Hellen, Asst. Public Defender, Juneau, for appellant.

John E. Havelock, Atty. Gen., Daniel W. Hickey, Asst. Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

PER CURIAM.

Appellant was convicted, after jury trial, of unlawful possession of heroin, contrary to AS 17.10.010. She has raised four claims of error on appeal: (1) that the affidavit supporting the issuance of a search warrant was defective; (2) that the court erred in failing to give an instruction on "momentary possession" of narcotics as an excuse to the offense charged; (3) that the instruction to the jury setting forth the elements of the offense was defective; and (4) that it was error to allow appellant to be cross-examined about her associations with persons involved in narcotics traffic.

We have examined the record and the authorities cited by appellant, and have considered the arguments of counsel. We conclude that the affidavit supporting the issuance of the search warrant was sufficient because there was a substantial basis for crediting the observations of the informant, which were related in the affidavit. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

As to appellant's second and third claims, no instruction on momentary possession was requested, and no objection was made to the instruction which was given. We are not persuaded that plain error occurred. Therefore, we will not consider these points further. See Garroutte v. State, Opinion No. 877, 508 P.2d 1190 (Alaska 1973).

Lastly, we hold that the cross-examination of appellant was permissible in

scope. Appellant in her direct testimony disclaimed any knowledge concerning heroin. It was quite proper, and not an abuse of discretion, for the trial judge to permit cross-examination of this type. Pedersen v. State, 420 P.2d 327, 337 (Alaska 1966).

Affirmed.

ERWIN and FITZGERALD, JJ., not participating.