WILLIAM GROSKREUTZ v. MARTHA A. GROSKREUTZ.[1]

May 15, 1925.

No. 24,564.

**Retention of case by court to fix separate support of wife.**

Trial court having found that, because of conduct of plaintiff's father, defendant was justified in living apart from her husband, it should have retained case to determine amount plaintiff should pay defendant for her separate support while so living apart. [Reporter.]

1. See Divorce, 19 C. J. p. 158, § 401 (1926 Anno).

Action for divorce in the district court for Meeker county. Defendant prayed for an absolute divorce. The case was tried before Qvale, J., who granted attorney's fees and costs to defendant but denied other relief to either party. Defendant's motion for a decree of separation and separate maintenance was denied. Defendant appealed from judgment. Reversed.

*Edgerton, Dohs & Maxfield,* for appellant.

*L. K. Sexton,,* for respondent.

PER CURIAM.

The husband sued for divorce on the ground of desertion. The wife answered and asked for absolute divorce on the grounds of desertion and cruel and inhuman treatment. The court made findings that neither had cause for absolute divorce. Defendant appeals from the judgment. We are satisfied from an examination of the record that the evidence does not warrant a finding that plaintiff had either wilfully deserted defendant for the statutory period or had been guilty of cruel and inhuman conduct towards her so as to justify decreeing a divorce.

[1]Reported in 203 N. W. 769.

However, in the answer and on a motion for new trial or amended findings, defendant asked for relief in the form of separate maintenance and, since the court did find that because of the conduct of plaintiff's father, who lived with plaintiff, defendant was justified in living apart from her husband, it ought to have retained the case for the purpose of determining what support plaintiff should pay defendant during the time which she is justified in thus living apart from him, even though the trial did not proceed on the theory that separate maintenance would be sought. Further testimony may be taken on that issue. This seems to a majority of the court better practice than compelling defendant to bring an independent action, and imposing more of a burden on plaintiff in the form of attorney's fees and suit money. In taxing costs on this appeal the defendant is allowed $50 as attorney's fees in this court.

The judgment is reversed and the cause remanded to the end that the trial court may determine what sum or sums plaintiff shall pay for the support of defendant while she is justifiably living separate and apart from him, and have the same made a part of the judgment to be rendered on the findings as made and the additional findings to be made.