# STATE v. PAUL EAMES, JR.[1]

May 15, 1925.

No. 24,517.

**Evidence of other offers to give intoxicating liquor inadmissible in prosecution.**

In a prosecution for furnishing a person with intoxicating liquor, proof that defendant had previously offered to give liquor to the same person, and to another, should be excluded under the general rule that proof of acts or offenses of a similar nature, to establish the commission of the crime charged, is not admissible. Neither is such proof admissible on the theory that it tends to show a plan or scheme to violate the law. An instruction that such proof may be considered insofar as it indicates an inclination or disposition on the part of the defendant to violate the law, does not cure the error in receiving it.

1. See Criminal law, 16 C. J. p. 586, § 1132; p. 591, § 1140; p. 605, § 1173; p. 606, § 1174 (1926 Anno); 17 C. J. p. 320, § 3662; p. 328, § 3668.

Defendant was indicted by the grand jury of Goodhue county charged with the crime of unlawfully giving and furnishing intoxicating liquor to a minor, tried in the district court for that county before Schultz, J., and a jury which found him guilty as charged in the indictment. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Frank M. Wilson*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Theodore N. Ofstedahl*, County Attorney, for respondent.

LEES, C.

The grand jury returned an indictment in which the defendant was charged with the crime of unlawfully furnishing intoxicating liquor

[1]Reported in 203 N. W. 769.

to a girl 18 years of age. He was tried and found guilty and has appealed from an order denying his motion for a new trial.

At the time of the commission of the alleged offense, the defendant, accompanied by a young woman, was in attendance at a dance at which the girl named in the indictment was present. The evidence warranted the jury in finding that while at the dance he gave the girl a drink from a bottle he carried with him and that the bottle contained intoxicating liquor.

The girl was a witness, and, after she had testified to the circumstances of the alleged offense, she was asked whether on other occasions the defendant had offered to give her intoxicating liquor to drink. Defendant's objection was overruled and the witness answered that he had at two different times. His companion at the dance also testified over defendant's objection that she became acquainted with him about two months prior to the date of the offense charged and that within that period on three or four occasions he had offered to give her alcohol.

The one issue to be determined was whether the defendant had furnished intoxicating liquor to the girl named in the indictment at the time and place set forth therein.

It is a matter of common knowledge that men are disposed to believe that a person accused of a crime is guilty, if satisfied that he committed, or attempted to commit, other offenses of a similar nature. A standard writer of authority remarks that it cannot be said that this tendency is wholly without justification, for many persons, drawing upon their own experience, can bear testimony that a man who once committed a crime subsequently committed another of the same description. Underhill, Crim. Evid. § 150.

The general rule is that proof of the commission by defendant of other independent and disconnected offenses or acts of a similar nature is not admissible to establish the commission of the crime charged, and the erroneous admission of such proof usually works a reversal of a judgment of conviction. State v. Fitchette, 88 Minn. 145, 92 N. W. 527; State v. Friend, 151 Minn. 138, 186 N. W. 241. That evidence of that description has an effect on the minds of jurors cannot be gainsaid. Whether its effect is removed by an

instruction that the evidence may be considered for a limited or special purpose and for none other is more than doubtful. In the instant case this instruction was given:

"In considering this case, evidence has been introduced for and against other sales. You should not consider it in the proof of the sale charged in this indictment nor whether or not it would make the defendant more likely to violate the law. Nor should you consider it as proof of a sale in this case, but you should only consider it insofar as it pertains or might pertain, as to whether or not it tends to show an inclination or predisposition to violate the law."

There are cases in which evidence of the defendant's disposition to commit a particular crime is admissible. For example, when a man is on trial for adultery, proof of sexual intercourse with the same woman on other occasions than the one set forth in the indictment is admitted on the theory that it shows the intimacy of the man and woman and establishes the probability that on the occasion mentioned in the indictment they had repeated their previous acts. The reason which led the courts to give their approval to this exception to the general rule is absent in the present case, for it does not follow that, because a man once offered to give intoxicating liquor to a particular person, he probably did give it to the same person at another time. The state was not only permitted to make this proof, but was allowed to go a step further and show that defendant offered to give liquor to a person other than the one named in the indictment on occasions which had no relation to the one mentioned in the indictment. The suggestion that this line of proof tended to show the trait of character of the defendant indicated by the crime charged is fully answered in State v. Nelson, 148 Minn. 285, 297, 298, 181 N. W. 850.

The attorney general contends that the proof was admissible because it had a tendency to show a systematic violation or readiness to violate the liquor laws of the state. That evidence of other offenses may be received when it tends to show a general plan or scheme to violate the law in respect to the offense with which defendant is charged is established by a long line of decisions begin-

ning with State v. Wilson, 72 Minn. 522, 75 N. W. 715, and ending with State v. Upson, 162 Minn. 9, 201 N. W. 913. In holding that, in a prosecution for an unlawful sale of intoxicating liquor, proof may be made of other sales at or about the same time, the court has adopted the doctrine of these cases. State v. Peterson, 98 Minn. 210, 108 N. W. 6.

The fact that a young man at different times offered to give intoxicating liquor to two young women does not warrant the inference that he planned to violate the law systematically by furnishing intoxicating liquor to those who wanted it.

Proof of other sales tends to show that the seller was engaged in the business of disposing of liquor illegally. In the present case, the manufacture or sale of intoxicating liquor was no part of defendant's business. He is a young man who used intoxicating liquor himself and seems to have been ready to share it with others. It would be extending the application of the rule of State v. Ames, 90 Minn. 183, 96 N. W. 330, and State v. Monroe, 142 Minn. 394, 172 N. W. 313, too far to hold that these facts bring the case within the scope of the rule there stated.

The order is reversed and a new trial granted.