## STATE, Respondent, v. ZAVITZ, Appellant.

### (210 N. W. 513.)

(File No. 6128.   Opinion filed October 22, 1926.)

**Criminal Law.**

> In prosecution of several defendants for larceny of automobile, admission of testimony as to one defendant's participation in prior theft of a different car than that involved held reversible error.

---

Note.—See, Headnote, American Key-Numbered Digest, Criminal law, Key-No. 369(5), 16 C. J. Sec. 1170.

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

J. T. Zavitz was convicted of larceny of an automobile, and he appeals. Reversed.

*House & Eastman,* of Chamberlain, and *F. P. Matz,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J. Appellant was convicted of the larceny of a Ford automobile, and appeals to this court.

The car in question was stolen in Huron on the night of October 17, 1923, by one McCoy and another. McCoy testified for the state. He narrated the manner of taking the car and its removal from Huron to Chamberlain. In connecting appellant with the larceny, he testified to a conversation he claimed he had with appellant relative to the larceny in question, in which conversation appellant referred to another stolen car he had had some two months prior to the one in question. This testimony to this point related only to what appellant said about the first car in inducing the witness to steal the second one and was competent and proper. But later on the witness, over proper objection, was required to narrate the circumstances relative to the larceny and disposition of this other car. This testimony was incompetent and prejudicial to the rights of appellant. The two transactions were entirely independent of each other, and the effect of the evidence was to prove two separate and independent offenses. There is sufficient evidence in the record, if believed by all the jury, to warrant a verdict of guilty of the offense charged in the information, but, the court having admitted evidence of two separate larcenies, some of the jury may have convicted appellant of one offense and the others of the other. This is a violation of appellant's constitutional right to be tried for the offense charged in the information only.

The judgment and order appealed from are reversed.

DILLON, J., not sitting.