STATE, Respondent, v. HANKS, Appellant.

(224 N. W. 946.)

(File No. 6710.   Opinion filed April 13, 1929.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Donald B. Montgomery,* Assistant Attorney General, for the State.

MISER, C. ■  The information on which appellant was convicted sufficiently charges appellant with the larceny of a hog in McCook county on March 5, 1927, and contained no allegations of previous convictions. When the opening statement was being made, appellant objected thus:

"We object and except to the State's Attorney's statement wherein he said 'we expect to show the defendant was charged

with Grand Larceny in Perkins County, South Dakota, and that a plea of Petit Larceny, was entered, and that other charges were preferred against him in this County,' for the reason they are incompetent, irrelevant and immaterial, not within the issues in this case, and could not be used for the purpose of shownig any criminal intent and wholly inadmissible, and any such review of statements before the Jury is prejudicial to the defendant and misconduct on the part of the State's Attorney, and we request the Court to caution the State's Attorney not to indulge in such statements to this jury at this time.

"By the Court: Well of course, as I understood the State's Attorney's last remarks, they were that he had been convicted of petit larceny three times in McCook County, anything he has been charged with I don't care about.

"Mr. McCay: I am just speaking about convictions.

"By the Court: I understood you to say "convicted'; the objection is overruled. Exception allowed."

During the trial, the state offered in evidence the clerk's files in a case in which appellant was convicted of transporting intoxicating liquor, and the files of three other criminal cases, the nature of which was not disclosed to the jury except as might be inferred from the titles and from the opening statement. Appellant objected that said exhibits have "nothing to do with the case at issue here, and that this defendant is not charged as an habitual criminal," and that it was "highly prejudicial to offer them in the presence of the jury." The court inquired as to the purpose of the offer. The state's attorney then stated that it was to show intent and motive. Appellant then objected that the exhibits were not admissible to prove intent or motive. On both of these objections the court reserved its ruling.

Thereafter, the state offered in evidence a page of the justice docket entitled, "State of South Dakota v. John Hanks," for the stated purpose of showing a conviction of a similar offense. Upon appellant's objection to this offer, the court reserved its ruling. When, after noon recess, the state rested, the court sustained the objection to the introduction of the files in the intoxicating liquor case. Later, when appellant had introduced evidence in his behalf and rested, the court sustained the objection to the offer of the

files in the other criminal cases and the page of the justice docket. One of the court's instructions was as follows:

"Now, gentlemen, there was some mention made by the State's Attorney in his opening statement to you with regard to other crimes that the defendant has been connected with, but you are instructed at this time that there has been no proof of any such facts and the Jury is instructed to disregard any such statement made by the State's Attorney at that time so far as this jury is concerned; and the defendant is here charged for the first time and only time; and kindly remember that, gentlemen, and not let any statements made by the State's Attorney in his opening remarks have any effect upon this jury whatsoever."

. The issue of fact for the jury to decide was whether appellant stole the hog. Unquestionably, appellant drove into his garage in the early morning of March 5, 1927, with a recently killed hog, not claimed to be his own, in his car. Evidence sufficient to present a question of fact for the jury was introduced to show that the hog in appellant's car was the hog described in the information, and that the hog described in the information had been stolen. Appellant has diligently endeavored to create the impression that he accidently ran over the hog. Neither he nor any witness in his behalf has testified to such fact. In fact, appellant did not testify at all. Appellant does not contend, however, that it is any the less larceny to steal a crippled hog than a well one. In deciding the question of whether appellant stole the hog described in the information, it was of no assistance but rather a handicap to the jury to be told that appellant had pleaded guilty to a charge of petit larceny in Perkins county, had been convicted of transporting intoxicating liquor in McCook county, and in three other cases had been convicted in justice court.

In State v. Eames, 163 Minn. 249, 203 N. W. 769, cited by this court in State v. Runyan, 49 S. D. 406, 207 N. W. 482, the Minnesota court says:

"The general rule is that proof of the commission by defendant of other independent and disconnected offenses or acts of a similar nature is not admissible to establish the commission of the crime charged, and the erroneous admission of such proof usually works a reversal of a judgment of conviction."

There are exceptions to this general rule, as this court has

stated in State v. La Mont, 23 S. D. 174, 120 N. W. 1104; State v. Fulwider, 28 S. D. 622, 134 N. W. 807; State v. Staley, 223 N. W. 943, decided at this term. One of these exceptions occurs when proof of other crimes is admissible to show intent. This case does not call for any amplification of what this court has already said concerning this exception. The appellant not having taken the stand on his own behalf, unless the facts of this case bring it within the exception, the general rule above stated should apply.

In this case, not only had felonious intent been otherwise shown; but it does not appear how proof of conviction of transporting intoxicating liquor, plea of guilty of petit larceny in Perkins county, or proof of other convictions of larceny in justice court in McCook county, would show the intent with which he took and carried away, during the night of March 5th, the hog described in the information. As above stated, there was proof sufficient to go to the jury. However, the evidence was not, in some respects, so overwhelming that the jury might not have arrived at a different verdict had not the fact that they were trying a convicted bootlegger and thief been impressed upon them. It is true that the exhibits were finally excluded, and that in the court's instructions the jury was cautioned to disregard the objectionable opening statements. But, as said by Dodge, J., in Paulson v. State, 118 Wis. 89, 94 N. W. 771, cited as a leading case in Jones, Blue Book of Evidence, § 143:

"In a doubtful case even the trained judicial mind can hardly exclude the fact of previous bad character or criminal tendency, and prevent its having effect to swerve such mind toward accepting conclusion of guilt. Much less can it be expected that jurors can escape such effect."

It is a matter of common knowledge that men are more ready to believe a person guilty of a specific crime when satisfied that he has committed other crimes of a similar nature. This tendency is not wholly without justification in human experience. None the less, it is a fundamental principle of justice that the bad man ought not to be convicted of a crime not committed by him. In our opinion, the facts of this case do not bring it within the exception to the general rule above stated.

Among the numerous errors assigned by appellant, we shall discuss only one other, namely, misconduct of the sheriff.

This trial began in the forenoon of February 9, 1928, and was submitted to the jury in the afternoon of February 10th. On the evening of February 8th, the sheriff went to Montrose to preserve order at a dance. One Noordsy, a member of the regular jury panel, requested leave to go along, and was by the sheriff permitted to do so. They returned late that night to Salem, the county seat. The room in the hotel reserved by the sheriff had already been filled; so the sheriff and Noordsy went to a private residence and slept in the same room. On February 9th, Noordsy was accepted as a juryman to try the case. On the night of February 9th, the sheriff and Noordsy occupied the same room in the hotel.. On February 10th, the sheriff testified as a witness in the case, and the same afternoon the case was submitted to the jury. There is no evidence that any conscious advantage was taken by the sheriff of this opportunity to influence the juror. Both sheriff and juror deny that the case was discussed by them, and offer explanations which acquit them of conscious error. But it was well said by the Alabama court in Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803:

"So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil, in such cases, but the appearances of evil, if possible, should be avoided."

The foregoing was quoted with approval by this court in State v. Ferguson, 48 S. D. 346, 369, 204 N. W. 652, 661. In the opinion last cited, prior decisions of this and other courts in harmony with the foregoing quotation are cited. The Attorney General quite properly suggests that the facilities or lack of facilities for properly conducting jury trials and the accommodations or lack of accommodations for jurors and court officers should not be disregarded, and that it should not be made impossible to secure valid verdicts under the conditions actually prevailing in some courthouses and county seats. The suggestion has received consideration and has merit; but the record in this case does not show that the conditions in McCook county, either at the courthouse or county seat, are such as to call for any relaxation of the salutary rule above stated.

Because of the errors hereinbefore discussed, the judgment will be reversed, and the case remanded for a new trial.

POLLEY, CAMPBELL, and BURCH, JJ., concur.
SHERWOOD, P. J., concurs in result.
MISER, C., sitting in lieu of BROWN, J.