STATE, Respondent, v. MITCHELL, Appellant.

(246 N. W. 635.)

(File No. 7394.   Opinion filed February 6, 1933.)

*Walter A. Gronna,* of Clear Lake, and *Perry F. Loucks,* of Watertown, for Appellant.

*M. Q. Sharpe,* Attorney General, *E. E. Wagner,* Assistant Attorney General, and *N. A. Dobie,* State's Attorney, of Clear Lake, for the State.

POLLEY, J.   The defendant in this case was convicted of the crime of robbery, alleged to have been committed during the time of the county fair at Clear Lake, in Deuel county, on the 24th day of September, 1931.   The complaining witness, Buttedahl, was a bootlegger, and the  difficulty between defendant and Buttedahl grew out of the sale of two half pints of alcohol by Buttedahl to defendant.   Buttedahl testified, and the defendant admitted, that, after the alcohol had been delivered to him, he refused to pay for it or to return it, and defendant never did pay for the alcohol nor return it.   Buttedahl further testified that, during the controversy over pay for the alcohol, Mitchell produced a pistol and pointed it at Buttedahl, and by means of his threats and the use of the pistol he took some two dollars and a half or three dollars in money from the person of the complaining witness.   The defendant by proper assignment presents the sufficiency of the evidence to show that a robbery really took place.   He also predicates error on certain instructions given by the court; that the verdict was the result of passion and prejudice on the part of the jury; but for a reversal of the judgment he relies chiefly upon alleged mis-

conduct of the state's attorney during the trial. This alleged misconduct consists of a line of irrelevant and immaterial questions put to the defendant and the defendant's witnesses.

The defendant took the stand in his own behalf, and upon cross-examination the state's attorney put the following questions to him: "You are under federal indictment now?" Objection to this question was sustained, and the question was not answered, but the following question was immediately put to the witness: "You haven't paid that fine, or served the sentence?" Over proper objection, witness was compelled to answer this question. While the evidence does not show absolutely that the witness had been indicted in the federal court, the second question above quoted implies to an absolute certainty that he had been indicted, convicted, and sentenced. What the offense was of which he had been convicted the record does not show; neither does it show that such offense was in any way related to the offense for which he was being tried; therefore the question was incompetent to prove any issue in this case, and could have been asked for no other purpose than to prejudice the minds of the jury against the defendant.

This subject has been considered by this court on several occasions, and we have consistently held that the asking of such questions constitutes reversible error. In State v. LaMont, 23 S. D. 174, 120 N. W. 1104, 1105, we said: "These questions relate to alleged charges against defendant other than that with which he is charged in the information. The great weight of authority seems to be against permitting such cross-examination. An accused person is required to meet the specific charge made against him, and he is not called upon to defend himself against every act of his life. With rare exception it is not competent to inquire, on cross-examination of a defendant, as to other crimes than that with which he is charged."

The same rule was followed in Richardson v. Gage, 28 S. D. 390, 133 N. W. 692, Ann. Cas. 1914B, 534, and State v. Zavitz, 50 S. D. 427, 210 N. W. 513.

In State v. Hanks, 55 S. D. 63, 224 N. W. 946, 947, the state's attorney, in his opening statement to the jury, made the following statement: "We expect to show the defendant was charged with Grand Larceny in Perkins County, South Dakota, and that a plea

of Petit Larceny was entered, and that other charges were preferred against him in this County."

Proper objection by defendant was overruled, but the court in its instructions to the jury charged the jury as follows: "Now, gentlemen, there was some mention made by the state's attorney in his opening statement to you with regard to other crimes that the defendant has been connected with, but you are instructed at this time that there had been no proof of any such facts and the jury is instructed to disregard any such statement made by the state's attorney at that time so far as this jury is concerned; and the defendant is here charged for the first time and the only time; and kindly remember that, gentlemen, and not let any statements made by the state's attorney in his opening remarks have any effect upon this jury whatsoever."

We held that the precautionary instruction above set out was not sufficient to remove the damaging impression that may have been caused by the improper remarks, and granted a new trial.

There are exceptions to the rule that proof of other crimes constitute prejudicial error. See State v. Hanks and Richardson v. Gage, supra. But such exceptions are not applicable in this case. The asking of the questions complained of constituted improper conduct for which a new trial must be granted, and it is unnecessary to consider other assignments in the record.

The judgment and order appealed from are reversed.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

RUDOLPH, P. J., concurs in result.