STATE of South Dakota, Plaintiff and Respondent,

v.

Steve WEBB, Defendant and Appellant.

No. 11953.

Supreme Court of South Dakota.

March 17, 1977.

---

12. SDCL 62–1–3(2).

13. SDCL 62–1–4.

14. SDCL 62–1–5 and 62–1–5.1.

Peter H. Lieberman, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Robert A. Warder of Gunderson, Farrar, Aldrich, Warder, DeMersseman & Johnson, Rapid City, for defendant and appellant.

HERTZ, Circuit Judge.

Defendant was charged with unlawful distribution of a controlled substance on November 1, 1975, and November 4, 1975, in two separate indictments which were consolidated for trial.

The state's case was dependent upon an informer's testimony, since it was he who claimed to have made two separate purchases of a controlled drug from the defendant. The defendant did not testify, but did submit alibi testimony on the first purchase claimed by the state to have been made on November 1, 1975.

During recross-examination of one of defendant's alibi witnesses, the state's attorney asked the following question:

"Are you then aware of the fact that Steve Webb is awaiting sentencing on a forgery charge in Rapid City?"

Defense counsel immediately objected, and, outside the presence of the jury, moved for a directed verdict, or in the alternative, that the trial court declare a mistrial on the ground that the question propounded by the state's attorney was so prejudicial to the defendant's case that a fair trial on the real issues was no longer possible.

The trial court denied the motion for a directed verdict, but reserved its ruling on the motion for a mistrial, and, in fact, did not rule on the mistrial motion until several weeks after the trial had been concluded. The motion for a mistrial was then denied, and represents one of the three claimed errors presented by this appeal. Because of the view that we take on defendant's first assigned error, we need not address ourselves to the other two.

The defendant contends that the trial court erroneously denied his motion for a directed verdict of acquittal and/or a mistrial for the reason that the question by the state's attorney was highly prejudicial and deprived the defendant of his constitutional right to a fair trial before an impartial jury. We agree, and accordingly must reverse the decision of the trial court.

The state concedes that the character of the defendant had not been placed in issue at that time or at any other time during the trial of said matter. It further concedes that it was in fact error to ask the question, but contends such error was harmless in the light of the evidence presented.

The state reminds us that SDCL 23–1–2, commonly referred to as the "harmless error" statute, provides for just such contingencies as those with which we are here confronted. The statute declares:

"*Immaterial formalities to be disregarded unless prejudicial.*—Neither a departure from the form or mode prescribed in this title in respect to any pleading or proceeding nor an error or

mistake therein renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right."

In *State v. Ballard*, 1948, 72 S.D. 293, 33 N.W.2d 339, we held that the Supreme Court is expressly directed by this section to disregard error which does not affect the substantial rights of the defendant. And in *State v. Reddington*, 1963, 80 S.D. 390, 125 N.W.2d 58, we said:

"[A] new trial should not be granted unless it is reasonably clear that the substantial rights of the defendant have been so violated that he did not receive a fair trial." 80 S.D. at 397, 125 N.W.2d at 62.

And further, it was there said:

"There is no definite rule by which to measure prejudicial error and each case must be decided on its own facts." 80 S.D. at 396, 125 N.W.2d at 62.

We are firmly persuaded that, given the context in which this question was asked, a substantial right of the defendant was violated in this case and that he was denied the fair and impartial trial to which he was constitutionally entitled.

There is nothing in the alibi testimony of the witness, Louie Suliveres, or any other of defendant's witnesses, which would make the question relevant to the issues at hand. The state admits that the defendant never placed his character in issue, and, further, that the question cannot be justified as an attempt to show motive, intent or a common scheme. It follows, then, that the only real purpose of the question was to impugn the integrity and credibility of the defendant's alibi witnesses and to instill in the minds of the jurors the belief that the defendant was unworthy of acquittal.

Similar remarks by state's attorneys in other cases have been held by this court to be reversible error, even where the objection has been sustained and cautionary instructions were given. *State v. Hanks*, 1929, 55 S.D. 63, 224 N.W. 946; *State v. Mitchell*, 1933, 61 S.D. 147, 246 N.W. 635; *State v. Norman*, 1948, 72 S.D. 168, 31 N.W.2d 258.

It is obvious that the trial court was exceedingly troubled by the injection by the state's attorney of other unrelated criminal activity of the defendant at a time when the state's attorney knew or should have known that the question was highly improper and any answer inadmissible as evidence in the case. The court gave Instruction 16A, which merely compounded the error, but, because ruling on the mistrial motion was reserved until after the trial, was the only recourse the court had at that time.

The state, nevertheless, asks us to conclude that the defendant received a fair and impartial trial despite the prejudicial effect of the question propounded by the state's attorney. The state in effect is urging that the fundamentals of a fair trial need not be respected so long as the proof persuades us of the defendant's guilt.

■■ We, however, are of the opinion that the harmless error rule ought never be used to justify unfairness at the trial. Every practicing attorney knows that where a prejudicial and improper question, such as the one here, is asked for the sole purpose of conveying to the jury information that counsel knows or should have known is excludable by the rules of evidence it is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions. As this court stated in *State v. Norman*, supra:

"It would be idle to suggest that these circumstances were without influence on the minds of this jury and, as the authorities we have quoted indicate, it would be just as idle to suggest that a cautionary instruction, or any other action by either court or counsel, could so recondition the minds of the jury as to permit a fair expression of opinion on the delicately balanced fact issue presented by the evidence." 72 S.D. at 173, 31 N.W.2d at 261.

Accordingly, the case is reversed and remanded, and the defendant is granted a new trial.

DUNN, Chief Justice, and PORTER and MORGAN, Justices, concur.

WOLLMAN, J., concurs specially.

HERTZ, Circuit Judge, sitting for ZASTROW, J., disqualified.

WOLLMAN, Justice (concurring specially).

If the record evidence of defendant's guilt were so overwhelming that we could say that the error complained of was harmless beyond a reasonable doubt, I would vote to affirm the conviction. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; *State v. Watts*, 85 S.D. 638, 188 N.W.2d 913. Because the evidence is not of that character, I join with the majority for reversal. I concur specially, however, for I fear that some of the language in the majority opinion will be construed as precluding the affirmance of a conviction under the harmless error rule, a result that I believe to be neither warranted by the decisions of this court or the United States Supreme Court nor contemplated by the majority opinion.