STATE of South Dakota, Plaintiff and Respondent,

v.

Anthony KIDD, Defendant and Appellant.

No. 12576.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 19, 1979.

Decided Dec. 12, 1979.

B. Elizabeth Ganje, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John J. Burnett, Asst. Public Defender, Rapid City, for defendant and appellant.

MORGAN, Justice.

Appellant Kidd was tried in Circuit Court, Seventh Judicial Circuit, on two charges. Count I alleged that he entered a

building without permission and Count II alleged simple assault. A jury found him not guilty on the first count and guilty on the second count. Appellant contends the trial court erred in denying his motions for mistrial and in its refusal to grant him a new trial because he was denied his right to a fair trial by certain improper and prejudicial remarks made by the prosecutor. We affirm the conviction.

The charges leveled against appellant stemmed from an incident which occurred in May of 1978 at the National College of Business (NCB) in Rapid City, South Dakota. Appellant, who was not a student at NCB, entered a dormitory at the school in order to speak to a female friend, a resident who had access to the school's WATS telephone line which appellant wished to use, although non-students were not allowed to use it. Once inside the building, appellant proceeded to his friend's room and opened the door. The lady's roommate, with whom appellant was not acquainted, was sleeping in the room and awakened when the door opened. The girl was startled by appellant's presence and turned on the lights. Appellant grabbed her arm and did not release her until his friend awoke and persuaded him to do so. Both girls testified at trial that appellant was carrying a small knife at the time of the incident.

In this appeal, our attention is directed toward three remarks made by the prosecuting attorney during the trial. The first was made during the state's redirect examination of NCB's Dean of Students. The state planned to elicit testimony from this witness that appellant had been expressly prohibited from entering the premises of NCB for any purpose other than business and that the prohibition included visitation of friends. During this examination, the prosecutor began pursuing a line of questioning relating to the reasons behind appellant's expulsion from the premises. Upon appellant's objection, the trial court ordered the state to refrain from such questioning because it would give rise to testimony about several unproven complaints which had been brought against appellant and which were irrelevant to the present charges. However, the prosecutor's next question was whether appellant had been denied access to the dormitory "because he had been a troublemaker at N.C.B." Defense counsel promptly objected and, in the absence of the jury, made a motion for mistrial on the ground that the prosecutor's characterization of appellant was prejudicial and improper in view of the court's previous ruling. The motion was denied and the jury was admonished to disregard the prosecutor's unanswered question.

The other two statements of which appellant complains occurred during the state's final argument. The first remark was the prosecutor's statement that he hoped the jury would not think the matter before them for consideration was insignificant because it involved two misdemeanors. Defense counsel objected and requested a mistrial. The court denied the motion and admonished the jury not to consider appellant's possible punishment in reaching their verdict.

Later in his closing argument, the prosecutor commented that he thought appellant had attempted to stab the girl in the room. Defense counsel objected on the ground that the statement did not reflect the evidence adduced during the trial. The objection was sustained but the record does not indicate that defense counsel moved for a mistrial or requested that the jury be admonished to disregard the statement.

On several occasions, we have decried attempts by prosecutors to use disingenuous trial tactics which have the effect of endangering or obviating a defendant's right to a fair trial. Thus, we have condemned a prosecutor's attempt to introduce inadmissible information into evidence, *State v. Jacquith*, 272 N.W.2d 90 (S.D.1978); to convey to the jury the degree of possible punishment to which the defendant might be subjected if found guilty, *State v. Kindvall*, 86 S.D. 91, 191 N.W.2d 289 (1971); and to interject remarks which serve no purpose other than to inflame the prejudices of the jury, *State v. Webb*, 251 N.W.2d 687 (S.D. 1977). However, no hard and fast rules

exist which state with certainty when prosecutorial misconduct reaches a level of prejudicial error which demands reversal of the conviction and a new trial; each case must be decided on its own facts. *State v. Webb*, supra. Furthermore, we will not disturb the trial court's ruling on a motion for a new trial based on misconduct of counsel unless we are convinced there has been a clear abuse of discretion. *State v. Havens*, 264 N.W.2d 918 (S.D.1978); *State v. Burtts*, 81 S.D. 150, 132 N.W.2d 209 (1964); *State v. Norman*, 72 S.D. 168, 31 N.W.2d 258 (1948).

■ The remarks made by the prosecutor in this case are clearly objectionable and highly improper as appellant contends. And, as we stated in *State v. Webb*, supra, the harmless error rule will not be applied when it will do no more than justify unfairness at trial. However, we cannot say that the statements complained of here were so detrimental to appellant's right to a fair trial that his conviction must be reversed.

■ We first address the prosecution's characterization of appellant as a "troublemaker." This court has stated that

> [e]very practicing attorney knows that where a prejudicial and improper question . . . is asked for the sole purpose of conveying to the jury information that counsel knows or should have known is excludable by the rules of evidence it is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions.

*State v. Webb*, supra at 689. In the *Webb* case, the prejudicial question related to whether the witness had any knowledge of the defendant's pending sentencing on an unrelated forgery charge. In other cases where this rule has been applied, the questions similarly conveyed insinuations of specific incidents of the defendant's criminality. *See, e. g., State v. Norman*, supra; *State v. La Mont*, 23 S.D. 174, 120 N.W. 1104 (1909). Here, the prosecutor's allusion to appellant as a troublemaker does not carry an impact as prejudicial as statements which disclose or imply a defendant's criminal tendencies or background. The characterization here did not impart to the jury

any of the specific complaints which had been leveled against appellant which led to his expulsion from the premises of NCB. Thus, the information which appellant feared would reach the jury if the line of questioning was pursued could not have been transmitted to the jury by the prosecutor's question. The prosecutor here is certainly not to be commended for attempting to sidestep the court's order to abandon a line of questioning which might lead to disclosure of these irrelevant matters. However, the remark was not of the type which is incurable and we cannot conclude that the court erred in denying appellant's motion for a mistrial.

■ Turning to the prosecutor's comment in final argument that the case involved two misdemeanors, we have stated that "[i]t is improper for attorneys to comment or argue on matters outside the issues in the case." *State v. Kindvall*, 86 S.D. at 97, 191 N.W.2d at 293. In *Kindvall*, we expressed our disapproval of the conduct of a prosecutor who informed the jury several times during his closing argument that the state was asking only for life imprisonment. However, even in that case we did not feel compelled to reverse the conviction in view of the strength of the state's evidence adduced at trial. No different result is called for in this case where the evidence presented at trial in support of the prosecution similarly upholds the jury verdict. Our statement in *State v. Havens*, supra, is appropriate here:

> The trial judge was on the scene, had heard the arguments and had the opportunity to note whether [the improper remarks] had any apparent effect on the jury. He apparently didn't feel that they had and we accede to his judgment lacking any showing on the part of the defense of actual bias or prejudice.

264 N.W.2d at 923.

■ Finally, with regard to the comment made by the prosecutor during closing argument that he thought appellant had attempted to stab the girl, "[i]t has long been the rule in this state that a defendant on appeal may not complain of alleged misconduct by the prosecution in argument to the

jury unless such remarks were objected to when made and an admonition promptly requested." *State v. Kindvall*, 86 S.D. at 98, 191 N.W.2d at 293. Since appellant did not request that the jury be admonished to disregard the remark, the trial court was deprived of an opportunity to remedy the impropriety and appellant's complaint concerning this remark is not properly before us. *State v. Kindvall, supra; see also, State v. Luna*, 264 N.W.2d 485 (S.D.1978).

Accordingly, we hold that the improper statements made by the prosecutor did not individually or cumulatively deprive appellant of his right to a fair trial. But, as was stated in *State v. Havens*, supra at 923, "[W]e must remind prosecutors that it is the foundation of the criminal justice system to see that the defendant and every defendant gets his day in court and a fair trial. This burden weighs as heavily on prosecutors as it does on judge, jury and defense counsel."

Affirmed.

WOLLMAN, C. J., and DUNN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (concurring specially).

Defendant's assignment of error concerning the trial court's refusal to grant a motion for new trial on the basis of the prosecutor's improper comment in final argument that the case involved two misdemeanors was addressed by instruction eighteen. This curative instruction stated: "The question of possible punishment of the defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way." In addition, the trial court advised the jury during argument "that any comments made concerning the nature and gravity of the offense, is not material, and you are only to consider the facts in this case . . . and not to in any manner consider the punishment in this case. . ." Clearly, the trial court acted within the bounds of legal propriety.

It is important to note, as mentioned in the majority opinion, that defense counsel objected to the prosecutor's remark, "I think he [defendant] attempted to stab her." The objection was sustained. However, he did not follow through and move the court to admonish the jury, move for a mistrial, or request an instruction regarding this improper argument. It is incumbent upon defendant to challenge by a proper objection a statement made in court and obtain a ruling upon the objection thereto. "[T]he defendant should then request the trial court to give a proper instruction thereon; and, failing to do so, he cannot now be heard to complain." *State v. Christiansen*, 46 S.D. 61, 67, 190 N.W. 777, 779 (1922).

One may also review our decision in *Schlagel v. Sokota Hybrid Producers*, 279 N.W.2d 431 (S.D.1979), wherein we held that where the trial court was denied an opportunity to immediately admonish the jury to disregard remarks not in evidence, the trial court's refusal to grant a motion for mistrial did not constitute an abuse of discretion or result in a miscarriage of justice. In my specially concurring opinion in *Schlagel* I pointed out that it was preferable to: (1) object to the misstatements in open court; (2) make a motion for mistrial in chambers; and (3) if the motion is denied, to specifically request an instruction. I hold to that view.