**STATE of South Dakota, Plaintiff and Appellee,**

**v.**

**Edward KLEINSASSER, Defendant and Appellant.**

**No. 16006.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 31, 1988.

Decided Feb. 15, 1989.

Frank Geaghan Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

William D. Gerdes, Aberdeen, for defendant and appellant.

MORGAN, Justice.

This appeal lies from the conviction of Edward Kleinsasser (Kleinsasser) on one count of sexual contact with a minor under the age of sixteen in violation of SDCL 22–22–7. We affirm.

The record reveals that Kleinsasser and his wife Dorothy were married in 1982 and separated in 1986. Two daughters were born of this marriage. Dorothy had physical custody of the girls after the separation. She allowed Kleinsasser visitation with the girls and it was during such visitations that Kleinsasser allegedly sexually abused the eldest daughter, then age three. Further facts will be presented as they pertain to the issues on appeal.

Kleinsasser was indicted for sexual contact with a minor under the age of sixteen in violation of SDCL 22–22–7 (Count I) and rape in violation of SDCL 22–22–1 (Count II). He was convicted on Count I and acquitted on Count II.

Prior to trial, Kleinsasser attacked the constitutionality of the indictment on the

grounds of vagueness and, in the alternative, moved for a bill of particulars. He also attacked the indictment on the grounds that it was returned based solely on hearsay evidence. He claims error on the part of the trial court in denying his motions to dismiss on those grounds. During the course of trial, State was permitted to amend the bill of particulars furnished pursuant to Kleinsasser's alternative motion. Kleinsasser also claims that the trial court erred in denying his motion for mistrial based upon an alleged violation of a pre-trial order prohibiting testimony of another bad act, Kleinsasser's touching the victim's sister. And, finally, Kleinsasser predicates error on the trial court's instruction which set out the methods of sexual penetration disjunctively. We will treat these claims of error seriatim.

Kleinsasser argues that the indictment, when read as a whole, is unconstitutionally vague because it lacks specificity concerning the date of the offense, the location of the improper touching, the manner in which the offense was committed, and fails to name the victim of the crime. He argues that the cumulative effect of this lack of specificity deprives him of his right to be appraised, with reasonable certainty of the nature of the accusations against him so that he may prepare his defense and allow him to plead the judgment as a bar to any subsequent prosecution for the same offense. The trial court denied Kleinsasser's motion to dismiss the indictment.

 It is settled law in this state that an indictment or information is sufficient if it (1) contains the elements of the offense charged, and informs him of the charge against him, and (2) enables the defendant to plead an acquittal of the conviction and bar future prosecutions. *State v. Reutter,* 374 N.W.2d 617 (S.D.1985); *State v. Mouttet,* 372 N.W.2d 121 (S.D.1985). It is no longer necessary that detailed particulars of a crime charged be stated in the indictment. An indictment is generally deemed adequate if it follows the language of the criminal statute or its equivalent. *Reutter, supra; Mouttet, supra; State v. Logue,* 372 N.W.2d 151 (S.D.1985). It is sufficient to allege the crime in the language of the statute and it is not necessary to state the particular details of the crime.

 The decision whether to grant or deny a motion to dismiss an indictment is within the sound discretion of the trial judge. That decision will be reversed on appeal only where there has been an abuse of discretion. After a careful review of the indictment filed in this case, we find that the requirements set out above were satisfied. The indictment employs the requisite statutory language. Therefore, the trial court did not err in denying Kleinsasser's motion to dismiss the indictment for being unconstitutionally vague, particularly in light of the fact that the trial court did grant Kleinsasser's alternative motion for a bill of particulars.

 Kleinsasser also predicates reversible error on the trial court's denial of his motion for dismissal of the indictment upon the grounds that it was based solely on hearsay evidence presented to the grand jury. In *State v. Hoekstra,* 286 N.W.2d 127, 128 (S.D.1979), this court joined the "overwhelming authority [of courts which stand] for the proposition that a court cannot inquire into the legality or sufficiency of the evidence upon which an indictment is based." As was noted therein, in *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court held that neither the Fifth Amendment, nor justice and the concept of a fair trial, required indictments to be open to challenge on the grounds that there was inadequate or incompetent evidence before the grand jury. We find that decision totally dispositive of this issue.*

 Kleinsasser's third issue is whether the trial court committed reversible error when, during the course of trial, State was permitted to amend the bill of particulars

---

* More recently, in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), when confronted with alleged impropriety in the grand jury hearing, the Supreme Court held that the supervening jury verdict made reversal of the conviction and dismissal of the indictment inappropriate.

previously furnished in response to his motion. State was permitted to amend one item in the bill of particulars that related to the second count of the indictment, the rape count. Since Kleinsasser was acquitted on this count, it is obvious that he suffered no prejudice, even if we were to assume that the amendment was improper. We deem this issue moot and frivolous.

Kleinsasser's next issue, the erroneous denial of a motion for mistrial, requires an explication of the background for the motion. Prior to the commencement of trial, the court ruled that no evidence concerning improper touching of the victim's younger sister would be allowed in evidence and instructed the states attorney to so inform her witnesses. However, at trial, the state's attorney asked a witness: "What did [the child] say in her words?" The witness answered, "In her words she said Daddy sticked his penis in me and [her sister] too." Defense counsel timely moved for a mistrial alleging that the state's attorney asked the question in direct violation of the trial court's pretrial order and such conduct was prosecutorial misconduct.

On appeal, the defense demonstrates that the line of questioning was nearly identical to a line of questioning followed in an earlier pre-trial motion hearing and the same responses were given. Further, the state's attorney admitted she had not instructed the witness as directed by the court. Kleinsasser urges this to be prosecutorial misconduct.

The trial court denied the motion upon its determination that there was no prosecutorial bad faith and that an admonition to the jury would be sufficient. The trial court did admonish the jury to disregard "any allegations or offhand statements in regards to anybody else" other that the alleged victim.

■ State argues that there is no showing of improper prosecutorial motives, thus, no bad faith. Further, State would distinguish this case from *State v. Gage*, 302 N.W.2d 793 (S.D.1981), because the question asked by the state's attorney here was not in *direct* violation of the trial

court's order, as was the question in *Gage*. We disagree with State's reasoning.

Nor can we agree with the trial court that there was no prosecutorial bad faith. This scenario is somewhat similar to that in *Gage*, wherein the state's attorney had asked a witness her age, in direct contravention of the trial court's pre-trial order. In *Gage*, we held such conduct contemptible and inexcusable.

'It is axiomatic to a fair trial that the state obey the court's orders concerning the conduct of the trial.... It is well to keep in mind that a prosecutor's duty is not simply to convict but to do justice.' (Citation omitted.)

302 N.W.2d at 797.

We find the failure on the part of the state's attorney to follow the trial court's instructions inexcusable. Coupled with engaging in a line of questioning that she knew from previous testimony would produce the objectionable response from the unwarned witness, we clearly disagree with the trial court's assessment that there was no bad faith.

■ We do, however, find a point of distinction from *Gage* in the result of the misconduct. In *Gage*, we were required to reverse the conviction for prosecutorial misconduct and other errors. Here we note a clear difference. The question and response, to which Kleinsasser objected were:

Q.: What did [the child] say in her words?

A.: In her words she said Daddy sticked his penis in me and [her sister] too.

The trial court determined that an admonition to the jury would be sufficient and proceeded to admonish the jury as we have previously noted. Inasmuch as the phrase "sticked his penis in me" is obviously related to the rape charged in Count II, the jury's verdict of acquittal on that charge indicates that the failure to grant the mistrial did not rise to the point of prejudicial error. The settled law of this state is:

[N]o hard and fast rules exist which state with certainty when prosecutorial misconduct reaches a level of prejudicial

error which demands reversal of the conviction and a new trial; each case must be decided on its owns facts. *State v. Webb*, [251 N.W.2d 687 (S.D.1977)]. Furthermore, we will not disturb the trial court's ruling on a motion for a new trial based on misconduct of counsel unless we are convinced that there has been a clear abuse of discretion. (Citations omitted.)

*State v. Kidd*, 286 N.W.2d 120, 121–22 (S.D.1979).

As much as we decry the prosecutorial misconduct as detailed above, we cannot say that the trial court abused its discretion for failure to grant the mistrial. Therefore, we affirm on this issue.

■ Finally, for his last issue, Kleinsasser urges error by the trial court in giving an instruction on the elements of first-degree rape, particularly with respect to committing the acts disjunctively, rather than conjunctively. Again, since Kleinsasser was acquitted of the rape charge he can show no prejudice by reason of the instruction, even if it were erroneous, which we do not say at this time. This issue is clearly frivolous.

We affirm the conviction on the charge of sexual contact with a minor under the age of sixteen.

HENDERSON, J., concurs.

WUEST, C.J., and MILLER, J., concur in part and concur in result in part.

SABERS, J., dissents.

WUEST, Chief Justice (concurring in part, concurring in result in part).

I concur in the first three issues and concur in the result on the last issue. Judge Gilbertson presided at the trial and was in a better position to determine whether there was any prosecutorial bad faith. In my opinion, he did not abuse his discretion.

I am authorized to state that Justice Miller joins in this concurrence in part and concurrence in result in part.

SABERS, Justice (dissenting).

I dissent.

The question in this case is whether the prosecutorial misconduct of the state's attorney in violating the pre-trial order constituted prejudicial error warranting a new trial.

In *State v. Webb*, 251 N.W.2d 687 (S.D. 1977), we reversed a criminal conviction and held that the defendant had been deprived of his constitutional right to a fair trial before an impartial jury by prejudicial questions which referred to his prior, unrelated criminal record. The court stated:

> We, however, are of the opinion that the harmless error rule ought never be used to justify unfairness at the trial. Every practicing attorney knows that where a prejudicial and improper question, such as the one here, is asked for the sole purpose of conveying to the jury information that counsel knows or should have known is excludable by the rules of evidence it is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions.

*Id.* at 689.

Prejudicial error is error which in all probability must have produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it. *State v. Dokken*, 385 N.W.2d 493 (S.D.1986); *State v. Reddington*, 80 S.D. 390, 125 N.W.2d 58 (1963). SDCL 23A–44–14 defines harmless error as "[a]ny error, defect, irregularity or variance which does not affect substantial rights[.]" The harmless error rule governs even constitutional violations, not requiring the automatic reversal of a conviction, provided the court is able to declare a belief beyond a reasonable doubt that the error was harmless and did not contribute to the verdict obtained. *State v. Heumiller*, 317 N.W.2d 126 (S.D.1982) (*citing Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969)).

In *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983),

the Court followed *Chapman* and framed the question a reviewing court must ask as follows:

> [A]bsent [the alleged error] ... is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?

*Id.*, 461 U.S. at 510–11, 103 S.Ct. at 1981, 76 L.Ed.2d at 107.

The majority opinion "clearly disagrees with the trial court's assessment that there was no bad faith" and decries the "prosecutorial misconduct," but overlooks same for the reason that it "did not rise to the point of prejudicial error." Presumably, this conclusion was in turn based on the fact that part of the objectionable statement related to the rape charge upon which the jury acquitted the defendant. In my view, this conclusion was ill-founded because the defendant began the trial charged with improperly touching the victim with a stick and a finger. During the trial, the State was allowed to amend the bill of particulars to include touching with the penis. At the conclusion of the trial, the jury was instructed that they could find defendant guilty based upon touching with only the penis. In other words, the objectionable statement relates directly to the improper touching, the charge upon which defendant was convicted. In addition, this evidence was directly supported by the statement produced by the prosecutorial misconduct, in violation of the court ruling that no evidence concerning improper touching of the victim's younger sister would be allowed in evidence.

Upon the complete record, I am not satisfied that defendant had a fair trial. The statement of the witness which resulted from the prosecutorial misconduct prejudiced defendant's substantial rights. Therefore, absent the prosecutorial misconduct, it is not clear beyond a reasonable doubt that the jury would have returned the same verdict. Accordingly, the trial court abused its discretion in denying the motion for mistrial.

I would reverse and remand for a fair trial.