STATE of Minnesota, Respondent,

v.

Corey Ryan WALTHERS, Appellant.

No. C5–00–337.

Court of Appeals of Minnesota.

Dec. 26, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Boyd Beccue, Kandiyohi County Attorney, Tracy Perzel, Assistant County Attorney, Willmar, MN, for respondent.

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and PETERSON, Judge.

## OPINION

CRIPPEN, Judge

Appellant disputes the admission of prior-act evidence in the trial in which he was accused of furnishing alcohol to a minor. Because the prior conduct is not probative of an intent, preparation, or plan to commit the charged violation, and because appellant offered no defense of lack of opportunity, knowledge, identity, or mistake, we reverse the conviction and remand the case for disposition by the trial court.

## FACTS

The state charged appellant Corey Walthers with ten counts of furnishing alcohol to two minors under Minn.Stat. § 340A.503, subd. 2(1) (1998). The trial was held in January 2000, and the jury acquitted appellant of all but one count, finding that he provided alcohol to 17 year old Joshua Butterfield between June and August of 1997 at appellant's parents' home in Kandiyohi County.

As part of the evidence presented at trial, the trial court allowed the testimony of Matthew Beckman, appellant's roommate in 1996–97. Beckman testified that at another time and in another county, he saw Butterfield and appellant sleeping in the living room surrounded by empty beer cans. He also testified that he never actually observed appellant and Butterfield drinking alcohol or appellant providing Butterfield with alcohol. The trial court found the testimony probative of "the opportunity of the defendant—the preparation and plan" and found that it tended "to show a lack of mistake as to the * * * age of [Butterfield]."

Appellant challenges the conviction and sentence. He contends that the trial court erred in admitting Beckman's testimony because it was irrelevant and more prejudicial than probative.

## ISSUE

■ Did the trial court clearly abuse its discretion in admitting evidence of another wrong or act?

## ANALYSIS

■ A reviewing court will not reverse the trial court's admission of evidence of other crimes or bad acts unless an abuse of discretion is clearly shown. *State v. Scruggs*, 421 N.W.2d 707, 715 (Minn.1988). Where the admissibility is unclear, the court should give the defendant the benefit of the doubt and reject the evidence. *State v. DeWald*, 464 N.W.2d 500, 503 (Minn.1991). Appellant contends that the trial court abused its discretion in allowing Matthew Beckman's testimony.

The Minnesota Rules of Evidence provide that "[e]vidence of another crime, wrong, or act" is inadmissible character evidence unless offered "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn.R.Evid. 404(b). The trial court admitted Beckman's testimony as probative of "the opportunity of the defendant—the preparation and plan" and "a lack of mistake" as to Butterfield's age.

In an appropriate case, evidence of other wrongs or acts may help the state prove the elements of a case by establishing preparation, planning, motive, or intent to commit an offense. Significantly, all cases admitting evidence of other acts involving the defendant and the victim demonstrate the relationship of the parties and the plausibility that one has harmed the other. *See State v. Williams*, 593 N.W.2d 227, 236–37 (Minn.1999) (admitting evidence of past acts of violence towards the victim to show premeditation), *cert. denied by Williams v. Minnesota*, 528 U.S. 874, 120 S.Ct. 180, 145 L.Ed.2d 151 (1999); *State v. Lynch*, 590 N.W.2d 75, 80–81 (Minn.1999) (allowing evidence of subsequent robbery to show identity and modus operandi of masked assailant in felony-murder trial); *State v. Kennedy*, 585 N.W.2d 385, 391 (Minn.1998) (allowing evidence that the defendant sexually assaulted the victim in a similar manner six months after the charged incident to rebut defendant's allegation that the victim fabricated the inci-

dent); *State v. Buggs*, 581 N.W.2d 329, 336–37 (Minn.1998) (allowing evidence of defendant's prior assault of the victim to show motive and intent to kill her); *State v. Miller*, 573 N.W.2d 661, 675 (Minn.1998) (allowing evidence of a prior bad act to show the strained relationship between defendant and his mother to show motive for killing her); *State v. Mills*, 562 N.W.2d 276, 285 (Minn.1997) (allowing evidence of defendant's prior attempt to poison the victim to show the strained relationship between the victim and defendant and motive and intent for murder); *State v. Flores*, 418 N.W.2d 150, 159 (Minn.1988) (admitting testimony of defendant's threats against the victim's friends to show motive and intent); *State v. Black*, 291 N.W.2d 208, 215 (Minn.1980) (allowing evidence of other robberies involving defendant to show relationship between the victim and defendant as motive for murder), *abrogated on other grounds by State v. Jones*, 556 N.W.2d 903, 909 n. 4 (Minn. 1996).

None of these issues arise here. No one disputes the friendship between appellant and Butterfield or appellant's opportunity to furnish alcohol to his friend. And proof of their relationship does not help establish appellant's plan or motive to do so. As the supreme court noted, even more probative evidence does not tend to establish a plan to violate the liquor laws:

> The fact that a young man at different times offered to give intoxicating liquor to two young women does not warrant the inference that he planned to violate the law systematically by furnishing intoxicating liquor to those who wanted it.

*State v. Eames*, 163 Minn. 249, 252, 203 N.W. 769, 770 (1925).

■ The trial court also found the testimony probative of appellant's lack of mistake as to Butterfield's age. Appellant raised no defense of accident and no defense that he "reasonably and in good faith relied upon representations of proof of age." Minn.Stat. § 340A.503, subd. 6(b) (1998). Thus, because Butterfield's age

and the friendship between appellant and Butterfield is not disputed, Beckman's testimony serves no purpose other than to impugn appellant's character.

 Appellant also argues that the evidence was more prejudicial than probative and raises additional questions about the state's failure to arraign him on the amended complaint, the trial court's refusal to grant him a continuance, and the sufficiency of the evidence in his conviction. We have considered these issues but find no reason to address them in light of our decision that the trial court erred by admitting character evidence.

This is a close factual case; indeed, the state insisted that its case was weak and the jury found no cause to convict on all but one count. Appellant is entitled to a new trial because there is reasonable doubt whether the jury would have convicted appellant on that one count if the evidence had not been admitted. *See State v. Blasus,* 445 N.W.2d 535, 540–41 (Minn.1989) (finding that a new trial must be ordered where error may have prejudiced a close factual case).

### DECISION

Appellant is entitled to a new trial because the trial court clearly abused its discretion in admitting evidence of other acts.

**Reversed and remanded.**